IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL CORRAL               :
                             :
    v.                       :   Civil Action No. DKC 13-0444
                             :
MONTGOMERY COUNTY, et al.    :
                             :

**MEMORANDUM OPINION**

Presently pending and ready for review in this First Amendment case is the motion for a preliminary injunction filed by Plaintiff Michael Corral. (ECF No. 5). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for a preliminary injunction will be denied.

**I. Background**

On March 23, 2012, Plaintiff Michael Corral and his friend Debra Mehaffey were preaching their religious beliefs in front of a movie theater at the corner of Fenton Street and Ellsworth Drive in Silver Spring, Maryland. (ECF No. 9, Verified Compl., at 10). They also erected a cross and handed out literature. A private security guard for the theater confronted them and told them to stop preaching and handing out literature on the corner because it was private property. Plaintiff and the guard then discussed the matter with Defendant Officer Norman W. Brissett

of the Montgomery County Department of Police. Officer Brissett confirmed that the property was private and that Plaintiff and Ms. Mehaffey would have to move across the street into Veteran's Plaza, a public park, if they wanted to continue preaching and handing out literature. (*Id.* at 11). As the conversation continued, Officer Brissett's supervisor, Defendant Officer D.M. Smith, arrived. (*Id.* at 13). Officer Smith told Plaintiff that the entire sidewalk was private property, owned by the Peterson Companies, which operate the movie theater. (*Id.* at 14). Because the officers concluded that the property is private, they issued Plaintiff a trespass notice that precluded him from entering a two-block radius in downtown Silver Spring, all of which they believed was owned by the Peterson Companies, for one year.[1] Plaintiff had a video camera with him and recorded his conversation with the police and the security guard. (ECF No. 5-10).

Plaintiff protested that the sidewalk was not private property and maintained that he had a right to preach there,

---

[1] Ownership and control of the corner in question is somewhat complicated. As part of a development agreement with a number of private developers, the County leased public space, including Ellsworth Drive, to these developers. When the deed was recorded, the County reserved easements for public use for a portion of the leased land, including Ellsworth Drive. In any event, as discussed below, the County concedes that at minimum, it considers and treats the sidewalk on Ellsworth Drive as a traditional public forum.

2

provided he did not impede the flow of pedestrian traffic. On April 23, through counsel, Plaintiff wrote to a number of Montgomery County officials requesting that his First Amendment rights be respected in downtown Silver Spring, and specifically requesting affirmation that he could preach on the sidewalk at the corner of Ellsworth and Fenton. (ECF No. 5-12). On May 18, the County Attorney for Montgomery County responded, arguing that the police were concerned about pedestrian traffic and safety. (ECF No. 5-14). The letter also noted that the trespass notice had been vacated and requested that Plaintiff preach in a location other than the sidewalk at Ellsworth and Fenton. After Plaintiff filed his complaint in the instant suit, his attorney spoke with the County Attorney, a conversation that the County memorialized in a letter. This letter concedes that the corner in question is, in fact, a traditional public forum on which Plaintiff may preach and that the trespass notice has indeed been vacated. (ECF No. 6-3). Specifically, it provides that Plaintiff "is not now precluded from expressing himself in the public forum." (*Id.*). The letter also notes that "the County may impose time, place and manner restrictions on Mr. Corral's activities." (*Id.*).

On February 8, 2013, Plaintiff filed a verified complaint alleging that his First Amendment rights had been abridged by the County's complete ban on his speech. (ECF No. 1). On

3

February 14, 2013, Plaintiff filed a motion for a preliminary injunction, to enjoin the County from "applying its policy and practice of banning expression on sidewalks alongside the public streets in Downtown Silver Spring." (ECF No. 5, at 1). The County opposed this motion and simultaneously moved to dismiss the complaint or for summary judgment. (ECF No. 6). Plaintiff has also filed an amended complaint correcting the parties' names.

**II. Standard of Review**

A preliminary injunction is an extraordinary remedy and will only be granted if Plaintiff clearly "establish[es] that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011) (same).

**III. Analysis**

    **A. Likelihood of Irreparable Injury to Plaintiff**

To merit the award of a preliminary injunction in his favor, Plaintiff must establish, first, that he is suffering actual and imminent harm, not just the "mere possibility" of harm in the future, and second, that the "harm is truly irreparable," meaning that it cannot be remedied at a later time

4

with money damages. *Torres v. Advanced Enter. Solutions LLC v. Mid-Atl. Prof'ls Inc.*, No. PWG-12-3679, 2013 WL 531215, at *4 (D.Md. Feb. 8, 2013) (citing *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991)); *see also Sterling Commercial Credit—Mich., LLC v. Phoenix Indus. I, LLC*, 762 F.Supp.2d 8, 14–15 (D.D.C. 2011) ("First, the injury must be both certain and great; it must be actual and not theoretical . . . . Second, the injury must be beyond remediation.").

It is well established that "[t]he loss of First Amendment freedoms for even minimal periods of time unquestionably constitutes irreparable harm." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). While this premise is axiomatic, Plaintiff is not currently being denied First Amendment freedoms, nor is he likely to be denied such freedom in the future. After the episode was investigated by the County Attorney and the police department, the trespass notice was vacated. As the County Attorney notes, Plaintiff "is not now precluded from expressing himself in the public forum." (ECF No. 6-3). In short, there is nothing to enjoin the County from doing, as it is not currently impeding Plaintiff's First Amendment rights.

Because Plaintiff's motion for a preliminary injunction fails on this prong, the other three *Winter* requirements need not be examined, and Plaintiff's motion will be denied. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d

5

342, 347 (4th Cir. 2009) (concluding that a plaintiff must satisfy each requirement as articulated).

## IV. Conclusion

For the foregoing reasons, the motion for a preliminary injunction filed by Plaintiff Michael Corral will be denied. A separate order will follow.

                                                       /s/
                               DEBORAH K. CHASANOW
                               United States District Judge